UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1191 JCH |
| ) | |
| BONNE TERRE MENTAL HEALTH ) | |
| MANAGER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the amended complaint pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## Procedural History

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. In his original complaint, plaintiff sought to bring claims against the following defendants: the Bonne Terre Mental Health Manager; Unknown Atterberry

(doctor); Head Nurse/Scheduling Manager at Northeast Correctional Center ("NECC"); Western Missouri Correctional Center ("WMCC") Medical Director; and Correctional Medical Services ("CMS").

Pursuant to review under 28 U.S.C. § 1915, all but one of plaintiff's claims was dismissed as frivolous, malicious and/or for failure to state a claim. The one claim that survived initial review was plaintiff's allegation that he had been discriminated against on the basis of his mental health disability by defendant Atterberry, a doctor at "FRDC" in 2007. Plaintiff sought reconsideration of the dismissal of his claims against the other defendants, as well as leave to file an amended complaint. The Court granted plaintiff's request to file an amended complaint on October 5, 2010, giving plaintiff explicit instructions as to the form and substance of the amended pleading.[1] Thus, plaintiff was warned that his filing must comply with Federal Rules of Civil Procedure 8 and 10 and it must clearly state each of the defendants and the claims against each defendant. Plaintiff was additionally reminded that he cannot normally seek to join claims against several different defendants relating to events arising at several different correctional facilities in the same lawsuit. Thus, plaintiff was counseled to only include

---

[1] In that same order, the Court agreed with plaintiff's contention that his 2005 claim against the Bonne Terre Mental Health Manager was, indeed, timely. The Court noted that given plaintiff's request for leave to file an amended complaint, there was no need to amend the prior dismissal, given that the amended complaint would supersede the previous pleading.

-3-

in his amended complaint claims which arise out of the same transaction or occurrence, or that have some relation to one another, in compliance with Federal Rules of Civil Procedure 18 and 20.

Having set forth the procedural history in this case, the Court now turns to a review of plaintiff's amended complaint.

## The Amended Complaint

In his amended complaint for monetary damages and injunctive relief, plaintiff makes allegations against the following defendants, in both their individual and official capacities: Bonne Terre Mental Health Manager at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in November of 2005; Dr./Mrs. Atterberry at Fulton Reception and Diagnostic Center ("FRDC"); John Doe (FRDC Guard); Bonne Terre Parole Officer and CMS.

Plaintiff claims that in November of 2005 he was discriminated against on the basis of his mental health disability in that he was refused access to the special needs unit by the Bonne Terre Mental Health Manager at ERDCC. Plaintiff claims that as a result of his exclusion from the special needs unit, he became mentally unable to live in the general population and was placed in segregation/solitary confinement. Plaintiff asserts that his placement in solitary confinement restricted him from various activities,

while "disabled inmates got to go out every day and play basketball, walk the court, go to the gym and watch TV."

Plaintiff complains that in November of 2007, defendant Atterberry, a doctor at FRDC, ignored another doctor's orders to keep plaintiff in a one-person cell "pending medication/treatment of [his] diagnosed panic disorder, agoraphobia, social anxiety, major depression and bipolar [disorder]." Plaintiff claims that defendant Atterberry ordered that he be placed in a two-person cell despite her knowledge that his mental illness would worsen. Plaintiff claims that upon his "refusal" to go to "population" he was "repeatedly put in a strip cell without any clothes or bedding, with the water turned off and the window painted over...feces stayed in [his] toilet because it wasn't turned on to flush and guards continuously wrote [him] up for not going to population." Plaintiff claims that defendant Atterberry denied him access to the special needs unit and ordered punishment when he refused to be placed in general population. Plaintiff asserts that as a direct result of defendant Atterberry's refusal to recognize and properly treat his disability, his mental illness continued to worsen.

Plaintiff asserts that from November of 2007 to March of 2008 he was subjected to "assault and battery" by defendant John Doe Guard in Housing Unit 1 at FRDC. Plaintiff claims that John Doe defendant refused to give him a mattress like the other inmates had, came into his cell and "assaulted" him when he "couldn't go to

-5-

population," and placed him in a strip cell. Plaintiff states that he was charged $96 for an old mattress that the guard threw away, that John Doe defendant refused to allow him to flush his toilet and verbally harassed him and called him a coward because he "couldn't make it in population."

Plaintiff claims that in November of 2007 an unnamed Bonne Terre Parole Officer acted unlawfully when she ignored his "home plans" and instead paroled him to the Home Center in Kansas City, such that he would have to pay rent to the Missouri Department of Corrections. Plaintiff asserts that in this same "scam" to "get more money," the unnamed parole officer required him to pay for GED classes even though he had his high school diploma.

Lastly, plaintiff asserts that CMS acted unlawfully, in violation of the Americans with Disabilities Act and in deliberate indifference to his serious medical needs, when they engaged in a policy or custom, over a five year period, of refusing to acknowledge his mental disabilities and need for transfer to a special needs unit.

## Discussion

### 1. Permissive Joinder

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or

maritime, as the party has against an opposing party." As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving multiple claims against multiple defendants located at multiple different entities. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Moreover, the Court notes that in litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

At issue in the instant case is whether the named defendants are properly joined in this single action. See id. (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Simply stated, plaintiff's allegations relative to his alleged discrimination in November of 2005 by the Bonne Terre Mental Health Manager at ERDCC do not pertain to the same defendants or arise out of the same series of transactions and occurrences as those relative to the allegations against Dr. Atterberry and a John Doe correctional officer at FRDC, plaintiff's claims against a Bonne Terre parole officer or his custom/policy claims against CMS. Additionally, none of these claims involve similar questions of law or fact. Plaintiff's claims against the Bonne Terre Mental Health Manager at ERDCC allegedly arise out of actions taken in November of 2005 by a sole individual, allegedly employed by the Missouri Department of Corrections, at ERDCC. The claims against Dr. Atterberry and the correctional officer at FRDC, which allegedly occurred in November of 2007, on the other hand, arise out of a completely different sets of events, at a completely different institution, as do plaintiff's claims against a Bonne Terre parole officer and plaintiff's policy and custom claims against CMS. Thus, not only do plaintiff's claims pertain to and arise out of wholly unrelated events, but his alleged injuries resulting from the various occurrences are distinctly different. These four occurrences and the claims arising out of each of them do not share common questions of law or fact. Each of plaintiff's claims will require its own review of entirely separate events asserted against different groups of

defendants. For these reasons, the Court concludes that the named defendants are not properly joined under Rule 20(a)(2).

> Rule 21 of the Federal Rules of Civil Procedure provides:
>
> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Because the claims and defendants cannot be properly joined in one complaint under Rule 20(a)(2), the Court will deem the plaintiff as having submitted four separate lawsuits, each utilizing the same complaint, as follows:

(1) the instant complaint will be construed as asserting claims arising solely from the alleged actions of the Bonne Terre Mental Health Manager, in November of 2005, at ERDCC. These claims will be reviewed for frivolity under 28 U.S.C. § 1915(e) in this Memorandum.

(2) A copy of the instant complaint will be used for the second lawsuit, and will be construed as asserting claims against defendants Dr. Atterberry and John Doe correctional officer at FRDC, relating to events that supposedly occurred at FRDC in late November of 2007 through March of 2008. Plaintiff will be required to either pay the full filing fee for the second lawsuit or submit a motion for leave to proceed in forma pauperis. If a motion for leave to file without payment of the filing fee is submitted, the Court will then review the claims in the second lawsuit for frivolity under 28 U.S.C. § 1915(e).

(3) A copy of the instant complaint will be used for the third lawsuit, and will be construed as asserting claims against defendant Bonne Terre Parole Officer, relating to events in November of 2007, as pertinent to his parole to the Home Center in Kansas City. Plaintiff will be required to either pay the full filing fee for the third lawsuit or submit a motion for leave to proceed in forma pauperis. If a motion for leave to file without payment of the filing fee is submitted, the Court will then review the claims in the third lawsuit for frivolity under 28 U.S.C. § 1915(e).

(4) A copy of the instant complaint will be used for the fourth lawsuit, and will be construed as asserting claims against defendant CMS, relating to the alleged policy or custom, which occurred over the course of a five-year period, relating to CMS' refusal to acknowledge plaintiff's mental illness and transfer him to a special needs unit. Plaintiff will be required to either pay the full filing fee for the fourth lawsuit or submit a motion for leave to proceed in forma pauperis. If a motion for leave to file without payment of the filing fee is submitted, the Court will then review the claims in the fourth lawsuit for frivolity under 28 U.S.C. § 1915(e).

Because the same complaint will be used, all four lawsuits will be considered as having been submitted on the same date. If the Court were to sever and dismiss the mis-joined claims and defendants, the statute of limitations might preclude plaintiff from re-asserting some of the claims in the new complaint.

2.  **Review of Plaintiff's Claims against the Bonne Terre Mental Health Manager at ERDCC in November of 2005 Under 28 U.S.C. § 1915(e)**

Plaintiff's claims relating to his purported disability discrimination/deliberate indifference to medical needs by the Bonne Terre Mental Health Manager at ERDCC in November of 2005 survive initial review at this time. The Clerk of Court will be instructed to issue process on plaintiff's amended complaint, with respect to defendant Bonne Terre Mental Health Manager at ERDCC in November of 2005.[2]

---

[2] The Court notes that plaintiff has not yet identified the Mental Health Manager by name. Although the Court will attempt to issue process on this individual as John Doe Mental Health Manager at ERDCC in November of 2005, if process cannot be properly effectuated under this name, plaintiff will be required to provide the Court with this defendant's proper name in order to effectuate proper service.

### 3. Plaintiff's Motions for Preliminary Injunction

In his motions for preliminary injunctions, plaintiff seeks to have the Court "intervene on [his] behalf for entry into the Special Needs Unit." As plaintiff's only remaining claims in this action relate to an action taken by an official at ERDCC in November of 2005, his current claims for preliminary injunction, presumably relating to his current place of incarceration at Western Missouri Correctional Center, cannot form the basis for injunctive relief in this action. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury currently being claimed at WMCC and the conduct complained of against the Bonne Terre Mental Health Manager in November of 2005. Consequently, the motion for preliminary injunction will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendants Atterberry and John Doe correctional officer at FRDC are **SEVERED** from the instant action, because they are not properly joined under Rule 20(a)(2) of the Federal Rules

of Civil Procedure. The Clerk of Court shall open a new case, utilizing the amended complaint [Doc. #18] submitted here. The new case will be styled <u>David Eugene Bailey v. Unknown Atterberry and John Doe Correctional Officer at FRDC</u>.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Bonne Terre Parole Officer are **SEVERED** from the instant action, because they are not properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. The Clerk of Court shall open a new case, utilizing the amended complaint [Doc. #18] submitted here. The new case will be styled <u>David Eugene Bailey v. Bonne Terre Parole Officer</u>.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant CMS are **SEVERED** from the instant action, because they are not properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. The Clerk of Court shall open a new case, utilizing the amended complaint [Doc. #18] submitted here. The new case will be styled <u>David Eugene Bailey v. CMS</u>.

**IT IS FURTHER ORDERED** the Clerk shall issue process or cause process to issue upon the amended complaint as to defendant John Doe Bonne Terre Mental Health Manager at ERDCC in November of 2005.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant John Doe Bonne Terre Mental Health Manager at ERDCC in November of

2005 shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motions for preliminary injunction [Doc. #19 and #20] are **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 3rd day of March, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE