# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID EUGENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV404 CEJ |
| | ) | |
| UNKNOWN ATTERBERRY and | ) | |
| JOHN DOE FRDC GUARD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the payment of plaintiff's initial partial filing fee. Because plaintiff has been granted leave to proceed in forma pauperis and has paid the initial partial filing fee, his claims against defendants Unknown Atterberry and John Doe FRDC Guard must be reviewed pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff asserts that in November of 2007, defendant Atterberry, a doctor employed by Correctional Medical Services at Fulton Reception and Diagnostic Center (FRDC), ignored another doctor's orders to keep plaintiff in a one-person cell "pending medication/treatment of [his] diagnosed panic disorder, agoraphobia, social anxiety, major depression and bipolar [disorder]." Plaintiff claims that defendant Atterberry ordered that he be placed in a two-person cell despite her knowledge that his mental illness would worsen. Plaintiff alleges that upon his refusal to go to population, he was "repeatedly put in a strip cells without any clothes or bedding, with the water turned off and the window painted over...feces stayed in [his] toilet because it wasn't turned on to flush and guards continuously wrote [him] up for not

going to population." Plaintiff claims that defendant Atterberry denied him access to the special needs unit and ordered punishment when he refused to be placed in general population. Plaintiff asserts that as a direct result of defendant Atterberry's refusal to recognize and properly treat his mental health disability, his mental illness continued to worsen.

Plaintiff asserts that from November of 2007 to March of 2008 he was subjected to "assault and battery" by John Doe Guard in Housing Unit #1 in FRDC. Plaintiff claims that John Doe defendant refused to give him a mattress like the other inmates had, came into his cell and "assaulted" him when he "couldn't go to population," and placed him in a strip cell. Plaintiff states that he was charged $96 for an old mattress that the guard threw away, that John Doe defendant refused to allow him to flush his toilet, and that he verbally harassed plaintiff and called him a coward because plaintiff "couldn't make it to population."

Plaintiff's claims against defendants survive initial review under § 1915 at this time. Thus, the Court will order the Clerk to issue process on defendant Atterberry. As plaintiff has not identified John Doe Guard by name, the Court cannot effectuate process on him at this time. Plaintiff will be given sixty (60) days from the date of this Order to provide the Court with defendant John Doe Guard's name and address.

Plaintiff's failure to do so in a timely manner will result in a dismissal of John Doe Guard from this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Unknown Atterberry, a doctor employed by Correctional Medical Services.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Atterberry shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff shall provide the Court with defendant John Doe Guard's proper name and address within sixty (60) days of the date of this Order. Plaintiff's failure to do so in a timely manner will result in a dismissal of John Doe Guard from this action, without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 18th day of May, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE